UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REGINAL LEE DAVIS,

        Plaintiff,

    v.

FEDERAL BUREAU OF
INVESTIGATION, et al.,

        Defendants.

Civil Action No. 21-573 (KMW) (SAK)

**MEMORANDUM OPINION**

This matter comes before the Court on the complaint (ECF No. 1) and *in forma pauperis* application (ECF No. 1-2) of Plaintiff, Reginal Lee Davis, an individual currently committed to the Ancora Psychiatric Hospital. As the Court has considered the application, and finds that leave to proceed without prepayment of fees is authorized in this matter, Plaintiff's application shall be granted. Having reviewed Plaintiff's complaint, however, this Court concludes that the complaint must be dismissed without prejudice as it fails to meet the requirements of Rule 8(a).

In his complaint in this matter, Plaintiff states that he wishes to bring a civil rights suit against a number of Defendants including the FBI, Attorney General, prosecutors, public defenders, private individuals, detention facility personnel and his wife. (ECF No. 1 at 1-2.) In the body of his complaint, however, Plaintiff fails to identify what claims he wishes to raise, how the individuals in question violated his rights, or what wrongs he seeks to redress. Instead, his complaint contains a difficult to understand litany of past events written in a stream of consciousness fashion detailing interactions with his wife and other family members, random threats made by third parties unrelated to the Defendants, arrests by police officers who are not named as Defendants, and various money issues Plaintiff has had. (*Id.* at 3-6.) On page seven,

however, his complaint further devolves into a string of random words or phrases, unconnected and without unifying purpose, for several pages. (*Id.* at 7-8.) Having reviewed the complaint numerous times, this Court is unable to decipher Plaintiff's purpose or purported claims. To the extent Plaintiff does have a claim he wishes to raise, it is truly well disguised and the complaint itself is virtually indecipherable.

Pursuant to Rule 8 of the Rules of Civil Procedure, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). Each allegation in a complaint must therefore be "concise and direct." Fed. R. Civ. P. 8(e)(1). A district Court may dismiss a complaint *sua sponte* for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Dismissal is proper, therefore, where a complaint is illegible, incomprehensible, indecipherable, or largely unintelligible. *See id.*; *Elliot v. Point Breeze Station Mail Dep't*, 711 F. App'x 71, 72-73 (3d Cir. 2017); *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007); *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (2007). In dismissing an unintelligible complaint pursuant to Rule 8, however, a reviewing court should provide the party whose pleading is dismissed an opportunity to amend, therefore the appropriate action when faced with an unintelligible complaint is to dismiss the complaint without prejudice to the filing of an amended complaint. *Ruther*, 556 F. App'x at 92; *Moss v. United States*, 329 F. App'x 335, 336 (3d Cir. 2009); *Simmons*, 49 F.3d at 86-87. As Plaintiff's complaint in this matter is truly indecipherable, and as the true substance of Plaintiff's purported claims is

2

truly well disguised, his complaint fails to meet the pleading requirements of Rule 8, and his complaint must be dismissed without prejudice as such.

In conclusion, Plaintiff's *in forma pauperis* application (ECF No. 1-2) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

                                                  Hon. Karen M. Williams,
United States District Judge